FILED
SUPERIOR COURT
OF GUAM

2024 MAY -2 PM 3: 52

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NOS. CF0682-18; |
| | ) | CF0407-17; CF0074-18 |
| vs. | ) | |
| | ) | DECISION AND ORDER |
| BOBBIE LYN VILORIA, | ) | RE. REVOCATION OF ADULT |
| aka Bobbie Lynn Viloria, aka "Bob", | ) | DRUG COURT FINE BALANCE; |
| aka "Bobbie", | ) | ELIGIBILITY FOR GRADUATION |
| DOB: 10/01/1985 | ) | FROM ADULT DRUG COURT |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Honorable Judge Maria T. Cenzon on Defendant Bobbie Lyn Viloria's ("Defendant") Motion to Revoke Fine (the "Motion") in the Adult Drug Court II case, CF0682-18. Attorney Rodney J. Jacob is Defendant's court-appointed counsel in this case.[1] The People were represented by Assistant Attorney General Matthew Shuck on this Motion.

AAG Shuck filed an Opposition in which he expressed that: "The Government would be more sympathetic if the Defendant was disabled or had some extenuating circumstances which would prevent the Defendant from performing community service or becoming gainfully employed to make payments. But as it stands there is no such claim." *People's Opp.* at 2 (Jul 17,

---

[1] The Alternate Public Defender represents Defendant in CF0407-17 and CF0074-18 (the "ADCI Cases") which are assigned to the Honorable Judge Alberto Tolentino and the Honorable Judge Vernon Perez, respectively. The Defendant entered into a global Plea Agreement in Adult Drug Court I to resolve both cases and plead GUILTY to the charge of Possession of a Schedule II Controlled Substance (As a Third Degree Felony) in each case; however, they were not consolidated before a single judge. The APD joined in Defendant's Motion to Revoke in these Pending Cases. Viloria's "non-convertible" fine amount for the ADCI Case is $500.00. *Deferred Plea Agreement* at p. 5, ¶ 12(c)(Jun 26, 2018). Defendant's "non-convertible" fine amount for the ADCII case is $750.00. *Plea Agreement* at p. 4, ¶ 12(c) (Mar. 28, 2022).

2023).[2] The People have incorrectly stated the legal standard set forth under Guam law, specifically 9 GCA §§ 80.52, 80.56 and §80.58, which grants the Court the authority to revoke any fine if it finds changed circumstances or that it would be unjust to require payment. As such, the Court may exercise its discretion under Section 80.58 to determine whether to revoke the fine of $750.00, of which $280.00 has already been paid, which is the only condition remaining pursuant to her Plea Agreement and conditions of probation. *Mot. to Revoke Fine* at p. 2 (Jul 12, 2023).

With respect to the Court's authority to revoke the fine as originally imposed, the Court turns to 9 G.C.A. § 80.58, which provides as follows:

> An offender who has been sentenced to pay a fine and who is not in contumacious default in the payment thereof may at any time petition the court which sentenced him for a revocation of the fine or of any unpaid portion thereof. If it appears to the satisfaction of the court that the circumstances which warranted the imposition of the fine have changed, or that it would otherwise be unjust to require payment, the court may revoke the fine or the unpaid portion thereof in whole or in part.

As set forth in *People v. Quinata*, 2010 Guam 17 ¶ 55, "… the trial court can make any monetary adjustments that are required by the evidence presented." *See also, People v. Acosta*, 2022 Guam 11, ¶ 77 (Guam Dec. 19, 2022). Moreover, although *People v. Quinata* holds that 8 GCA § 80.52 requires an "evidentiary hearing before imposition of a fine to determine whether the individual has the financial means to pay," *Quinata* at ¶¶ 50-55, the Supreme Court does not appear to require a trial court to hold a hearing separate and apart from a change of plea or sentencing hearing solely

---

[2] The People's Opposition also ignores one glaring fact: that the Plea Agreement provided by the Government indicates that the balance is specifically *non-convertible* to community service. Defendant would more than have satisfied the entirety of the balance of the $5,000.00 fine if she were permitted to apply her community service. There is no statutory requirement that the $750.00 balance be paid off monetarily, thus, the People's argument that she could have fulfilled the fine balance through community service appears to the Court to be a capitulation to apply the community service which she accrued through treatment towards the satisfaction of her fine balance. The People did not file any response to the Joinder Motion to Revoke Fine filed in the Pending Cases.

for the purpose of determining an individual's financial means to pay a fine, or to require the submission of tax returns, pay check stubs, certificates of unemployment or even detailed testimony from several witnesses regarding an individual's financial means to pay. Instead, the requirements of the evidentiary hearing are met if the defendant is afforded "the opportunity to present evidence and argument on his ability to pay." *Id.*

In this particular case, the Defendant has an exemplary record of compliance with the stringent requirements of the Adult Drug Court I and Adult Drug Court II, with the exception of the full payment of a portion of the "non-convertible" Five Thousand Dollar ($5,000.00) fine ($750.00) which was a provision of her Plea Agreement.[3] However, the Defendant did pay $280.00 of the $750.00 previously and only because she became unemployed in order to focus on her treatment, recovery and the raising of her child, the Defendant has realized significant changed circumstances from when she first entered the Plea Agreement with the People.

The Court finds compelling the information contained in the Defendant's Declaration coupled with her success in treatment, her continued recovery, her previous fine payments totaling $280.00, her law-abiding behavior since entering Adult Drug Court II and graduating from the Guam Family Recovery Program (GFRP) on March 10, 2023,[4] as warranting a revocation of Defendant's remaining fine balance in these cases.

For the reasons set forth herein and applicable only to the instant ADC cases, the Court hereby **REVOKES** the *remaining* fine balance in the above-captioned cases. The Court cautions that the unusual circumstances presented herein and Defendant's continued compliance with the

---

[3] Both the People and Defense Counsel agree that "the statute does not place a mandatory fine." *People's Opp.* at 1. As such, the Court's decision herein is not a departure from any mandatory sentence under the applicable law.
[4] *Declaration of Samantha Uncangco-Meno, Case Manager, GFRP* (Mar. 14, 2023).

treatment program provided through the Adult Drug Court I and II and the Guam Family Recovery Program compel the findings of the Court herein. The Court's ruling herein is unique to Defendant's circumstances and should not be interpreted as precedent for all ADC cases in which a Defendant simply finds him or herself unable or unwilling to comply with his/her obligation to pay the fine. Moreover, the Defendant has paid the sum of $280.00 towards the satisfaction of her outstanding fine balance, which the Court finds as constituting good faith in the performance of her probation conditions.

**IT IS HEREBY ORDERED** that the Defendant's remaining fine balance in all the above-captioned cases is hereby **REVOKED in its entirety,** except for the amounts already paid.

Defendant shall be eligible for graduation from ADC I and ADC II at the earliest practicable date.

SO ORDERED this ___06 02___ MAY 21 2024 .

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
AG, Rodney Jacob,
APD
5/2/24  3:59pm
Antonio C. Cruz
Deputy Clerk, Superior Court of Guam